

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles S. McMillan
County Attorney
San Augustine County
San Augustine, Texas

Dear Sir:

Opinion No. O-1365
Re: May the notices provided
for in Section (d) of H.B.
No. 565, be posted if no
newspaper in the county
will handle the same for
2½ cents a line despite
the provisions of Article
29a of the Revised Civil
Statutes of Texas?

We are in receipt of your letter of August 31, 1939, in which you request an opinion of this department as to whether or not notices may be posted as provided in House Bill No. 565, 46th Legislature, despite the provision of Article 29a of the Revised Civil Statutes, when no newspaper in the county will print said notice for the 2½¢ per line maximum set out therein.

House Bill No. 565, 46th Legislature, Section (d), provides, in part, as follows:

"Where any defendant in such suit is a non-resident of the State, where the names of the owner or owners of said property are unknown to the attorney filing the suit for the plaintiff taxing unit, where the residence of any defendant is unknown to such attorney, and where the names of the defendant heirs of any deceased person are unknown to such attorney, and such facts are re-cited in the petition, service of notice by pub-lication is hereby authorized in each and all of such cases, and all defendants of classes enumer-ated just above may be joined in one notice; . . . Such notices shall be published in some newspaper published in the county in which the property is located one time a week for two (2) consecutive

Hon. Charles S. McMillan, Page 2

weeks, the first publication to be not less than fourteen (14) days prior to the first day of the term of Court to which returnable; and the affidavit of the editor or publisher of the newspaper giving the dates of publication, together with a printed copy of the notice as published, attached to such notice, shall constitute sufficient proof of due publication when returned and filed in Court. If there is no newspaper published in the county, then said publication may be made in a newspaper in an adjoining county. A maximum fee of Two and One-half (2½) Cents per line (6 words to count for a line) for such insertion may be taxed for publishing said notice. If the publication of such notice cannot be had for such fee, then service of the notice herein provided may be made by posting a copy at the Courthouse door of the county in which the suit is pending, such notice to be posted at least fourteen (14) days prior to the first day of the term of Court to which it is returnable. When notice is given as herein provided it shall be sufficient, and no other form of citation or notice shall be necessary on such defendants."

Article 29a of the Revised Civil Statutes of Texas (Acts of the 39th Legislature, 1925), provides, in part, as follows:

"It is the purpose of this Act to provide a legal rate of charge for publications aforesaid regardless of the source of the fund out of which it is to be paid or the purpose of such publications, whether herein mentioned or not, and according to all laws, special or general. The fact that there may be a statute on a particular or special subject dealing with the subject matter of this Act shall not prevent this Act applying to the subject matter of any such statute. Without intending to exclude any other publication to which this Act applies, it is specially provided that this Act shall apply to citations or notices of any kind in delinquent tax suits and those under Article 3757 of the Revised Civil Statutes, and the fact that publications may be posted or printed in certain instances shall not prevent this Act applying to such publications if they are printed in a newspaper. Provided that if said newspapers refuse to publish legal notices in accordance with the terms of this Act, then said legal notices may be posted."

In the case of Schlittler v. King, 61 S. W. (2d) 546, the Ft. Worth Court of Civil Appeals construed Article 29a in connection with Article 3808 of the Revised Civil Statutes of 1925. Article 3808 is a statute which was enacted by the Legislature many years prior to the enactment of Article 29a in 1925. Article 3808 sets a maximum of Five ($5.00) Dollars as the amount that can be paid a newspaper for the printing of a notice of sale. If no newspaper could be found in the county to print said notice at that price, then said notice can be posted at three public places in the county, one of which should be the courthouse. The Court held that Article 29a had to be read into Article 3808 so that the notices of sale could not be posted as provided in 3808 unless no newspaper in the county would print the same at the rate of the lowest classified advertising. Article 29a was passed subsequent to Article 3808 and the language in Article 29a is broad enough and strong enough to include the notices set out in Article 3808. This is borne out by the fact that Article 29a stated as follows:

"The fact that there may be a statute on a particular or a special subject dealing with the subject matter of this Act shall not prevent this Act applying to the subject matter of any such subject."

It is true that Article 29a specifically applies to citations in any kind of delinquent tax suits, and the same would have to be read into any other statute concerning notices or citations in delinquent tax suits that existed at the time of passage of Article 29a. We cannot, however, construe Article 29a as a limitation upon the ability of future Legislatures to legislate further upon this same subject matter. While Article 29a deals with numerous types of notices and citations, House Bill No. 565 applies specifically to the types of citation set out in Section (d) of said Act.

There can be no question but that the Legislature had the authority to set $2\frac{1}{2}$ cents a line as the maximum amount payable to a newspaper for the printing of the citations specifically set out in Section (d) of House Bill No. 565. This latter statute dealing specifically with certain types of citations is controlling over said citations regardless of the general provisions of Article 29a.

It is a well settled rule of statutory construction that the last enactment by the Legislature on a particular subject must control over prior enactments.

"The later Act, being complete in its own provisions, must control" Baker v. Compton, 52 Texas 252, Sup. Ct. of Texas.

". . . the later legislation must control . . ." Fry v. Jackson, 264 S. W. 612.

"This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore it will control. In such a case both statutes are permitted to stand--the general one applicable to all cases except the particular one embraced in the specific statute." Townsend v. Terrell, 16 S. W. (2d) 1063, Commission of Appeals.

This rule as announced by the Commission of Appeals is especially applicable in this case where the specific statute was enacted subsequent to the general one. As to the particular citations set out therein, House Bill No. 565, provides that 2½¢ a line is the maximum amount that may be paid for the printing of the same and that if no newspaper in the county will print said notices at that price then the same may be posted. This specific mandate of the Legislature must control over any prior general statutes concerning the same subject matter. No repealing clause is necessary and House Bill No. 565 deals with only a specific portion of the subject matter of Article 29a.

It is, therefore, the opinion of this Department that the notices provided for in Section (d) of House Bill No. 565 may be posted if no newspaper in the county will handle the same for 2½ cents a line, and that Section (d) of said Act limits the application of Article 29a as to the specific citations set out in House Bill 565.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg

APPROVED
OPINION
COMMITTEE
BY BWB.
CHAIRMAN

Hon. Charles S. McMillan, Page 5

APPROVED SEP 13, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS